### UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

JONATHAN TOBIAS ALLEN,

      Petitioner,

v.                               Case No.  3:20-cv-5989-MCR-MJF

MARK S. INCH,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Jonathan Tobias Allen has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent ("the State") moves to dismiss the petition on exhaustion grounds. (Doc. 11). Allen opposes the motion. (Doc. 14). The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Allen's petition should be dismissed without prejudice for failure to exhaust state remedies.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. BACKGROUND AND PROCEDURAL HISTORY

In Escambia County Circuit Court Case No. 2019-CF-2415, Allen pled *nolo contendere* to one count of Possession of Methamphetamine and one count of Possession of Drug Paraphernalia pursuant to a counseled negotiated plea agreement. (Doc. 11, Ex. A at 24-28 (Plea Agreement); Ex. A at 92-109 (Plea Hr'g Tr.)).[2] Consistent with the plea agreement, Allen was adjudicated guilty and sentenced to 36 months of imprisonment for the drug possession and to "time-served" for the drug-paraphernalia possession. (Ex. A at 39-47 (J. and Sentence)). Immediately after he was sentenced, Allen filed a *pro se* motion in the trial court, labeled "Notice of Appeal," claiming that his trial counsel was ineffective for failing to pursue an entrapment defense. (Ex. A at 33-38).

On September 6, 2019, Allen's trial counsel filed a notice of appeal of the judgment and sentence. (Ex. A at 58). The Florida First District Court of Appeal ("First DCA") assigned the appeal Case No. 1D19-3235.

On September 12, 2019, the state trial court treated Allen's *pro se* "Notice of Appeal" as a motion for postconviction relief under Florida Rule of Criminal

---

[2] Citations to the state court record are to the exhibits attached to the State's motion to dismiss. (Doc. 11). When a page of an exhibit bears more than one page number, the court cites the number appearing at the bottom center of the page.

Procedure 3.850, and dismissed the motion for lack of jurisdiction due to his pending direct appeal. (Ex. A at 64-65). The trial court explicitly advised Allen: "**The Defendant may file a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850, after his appeal has been resolved**." (*Id.*) (emphasis added).

In Allen's direct appeal, counsel filed an *Anders* brief.[3] (Ex. B). The First DCA provided Allen the opportunity to file a *pro se* initial brief. (Ex. C). Allen did not file a *pro se* brief. (Ex. D). On April 22, 2020, the First DCA affirmed Allen's judgment and sentence, per curiam and without a written opinion. *Allen v. State*, 294 So. 3d 274 (Fla. 1st DCA 2020) (Table) (copy at Ex. E). The mandate issued May 20, 2020. (*Id.*).

After his direct appeal concluded, Allen did not file a motion for postconviction relief in the trial court. (Ex. F). Instead, Allen proceeded to this court.

Allen filed his *pro se* federal habeas petition on December 2, 2020. (Doc. 1 at 1). Allen raises one claim: trial counsel was ineffective for advising Allen that he did not have a viable entrapment defense, and for refusing to pursue that defense. (*Id*. at 5). The State moves to dismiss the petition for failure to exhaust state

---

[3] *See Anders v. California*, 386 U.S. 738 (1967).

remedies. (Doc. 11). In response, Allen asserts that he tried to exhaust his state remedies and that he is unfamiliar with the law and procedural rules. (Doc. 14).

## II. DISCUSSION

### A.    Federal Habeas Exhaustion Requirement

A state prisoner must exhaust available state-court remedies before presenting his claims to a federal habeas court. *See* 28 U.S.C. § 2254(b); *Davila v. Davis*, 582 U.S. ___, 137 S. Ct. 2058, 2064 (2017). The Supreme Court explained the purpose of the exhaustion requirement in *O'Sullivan v. Boerckel*:

> [T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . [so] state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

526 U.S. 838, 845 (1999). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). When a petitioner files his federal habeas petition prior to exhausting his state court remedies, the district court must dismiss

the petition without prejudice to allow for exhaustion. *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982).[4]

In Florida, a defendant seeking to collaterally attack his criminal judgment based on a claim that he was denied his constitutional right to effective assistance of counsel must file a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, and an appeal therefrom. *See* Fla. R. Crim. P. 3.850; Fla. R. App. P. 9.141; *see also Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979).

## B.  Allen's Petition Should be Dismissed for Failure to Exhaust State Remedies

The State asserts that Allen failed to exhaust his state remedies because the state trial court dismissed his motion for postconviction relief for lack of jurisdiction; Allen never re-filed his motion in the trial court after his direct appeal concluded; and his time to file a Rule 3.850 motion for postconviction relief in the trial court has not expired. (Doc. 11). The undersigned agrees.

---

[4] "In the event that such a dismissal would result in any subsequent petition being barred from federal habeas review, the district court has discretion to employ a 'stay-and-abeyance' procedure, whereby the court would stay the timely filed petition and hold it in abeyance while the petitioner returns to state court to exhaust all of his previously unexhausted claims." *Claudio v. Sec'y, Fla. Dep't of Corr.,* 578 F. App'x 797, 799 (11th Cir. 2014) (citing *Rhines v. Weber*, 544 U.S. 269, 275-79 (2005)).

Allen's motion for postconviction relief filed in the trial court on September 3, 2016, does not satisfy the federal habeas exhaustion requirement, because the trial court lacked jurisdiction to consider the motion due to the pendency of Allen's direct appeal. *See Daniels v. State*, 712 So. 2d 765 (Fla. 1998) (holding that a trial court lacks jurisdiction to consider the merits of a motion for postconviction relief filed under Florida Rule 3.850 during the pendency of the defendant's direct appeal); *Campbell v. State*, 543 So. 2d 885 (Fla. 1st DCA 1989) (same). Although the trial court advised Allen that he could re-file his motion after his direct appeal concluded, Allen has not done so.

Under Florida law, Allen still has time to file a motion for postconviction relief in the state trial court. Rule 3.850 provides that a motion must be filed within two years after the judgment and sentence becomes final. Fla. R. Crim. P. 3.850(b). A judgment and sentence become final for purposes of Rule 3.850 upon issuance of the mandate in the defendant's direct appeal. (Doc. 14 at 10-11); *Jones v. State*, 602 So. 2d 606, 607-08 (Fla. 1st DCA 1992) ("[A] judgment and sentence become final for purposes of filing a motion for post-conviction relief when appellate proceedings have concluded, i.e., upon issuance of the mandate."). The mandate in Allen's direct appeal issued on May 20, 2020; therefore, his time to file a Rule 3.850 motion has not expired.

Dismissing Allen's federal habeas petition will not result in a subsequent petition being time-barred, as long as Allen pursues his rights promptly and diligently. In that regard, Allen is advised that there is a one-year limitations period for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The one-year limitations period generally runs from the date on which the petitioner's judgment became final. *Id*. Allen's judgment became final, *for purposes of calculating the one-year federal habeas limitations period*, on July 21, 2020—ninety days after the First DCA's April 22, 2020 judgment on direct appeal. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for petitioners who do not pursue direct review all the way to the United States Supreme Court, their judgments become final for purposes of § 2244(d)(1)(A) "when the time for pursuing direct review in [the Supreme] Court . . . expires."); *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (holding that petitioner's limitations period began to run 90 days after the Florida appellate court affirmed his conviction and sentence).

Allen's federal habeas limitations period is not due to expire until **July 22, 2021**. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of the 1-year limitations period; thus, the limitations period begins to run from the day after the

day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," whereby the limitations period expires on the one-year anniversary of the date it began to run). The limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Because Allen failed to exhaust his state remedies and still has the right under Florida law to raise his ineffective assistance claim in a Rule 3.850 motion for postconviction relief, his federal habeas petition should be dismissed without prejudice. *Rose*, 455 U.S. at 519-20.

### III. CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation

by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.   Respondent's Motion to Dismiss (Doc. 11) be **GRANTED**.

2.   The petition for writ of habeas corpus (Doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Jonathan Tobias Allen*, Escambia County Circuit Court Case No. 2019-CF-2415, be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

3.   The District Court **DENY** a certificate of appealability.

4.   The clerk of court close this case file.

At Pensacola, Florida, this <u>14th</u> day of May, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and**

**Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**